UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   8:25-cv-02003-MEMF-KS                                          Date: October 30, 2025

Title   *Janis Ochoa v. Amir Wahab et al.*

Present: The Honorable:   Karen L. Stevenson, Chief U.S. Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: n/a          Attorneys Present for Defendant: n/a

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

## INTRODUCTION

On September 5, 2025, Petitioner, a California resident proceeding *pro se*, filed the pending Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (Dkt. No. 1.) Petitioner is not incarcerated or challenging any criminal conviction or sentence. Instead, the pending Petition "seeks a Writ of Habeas Corpus ordering the immediate release of [Petitioner's] three-year-old daughter . . . from unlawful restraint in the father's custody." (*Id.* at 2.)

## LEGAL STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without

---

[1] The Petition also makes passing references to 42 U.S.C. § 1983. (Dkt. No. 1 at 1-3.) However, because Petitioner has clearly identified the current filing as a habeas petition, and because Petitioner has a separate civil rights action pending under 42 U.S.C. § 1983 based on the same facts alleged in the pending Petition (*see Ochoa v. Wahab et al.*, 8:25-cv-02284-MEMF-KS), the Court construes the pending Petition as being brought solely under 28 U.S.C. § 2241 as a habeas corpus petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   8:25-cv-02003-MEMF-KS                                             Date: October 30, 2025

Title   <u>Janis Ochoa v. Amir Wahab et al.</u>

ordering service on the requested party). However, a district court's use of this summary dismissal power is not without limits. *Boyd*, 147 F.3d at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

"A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254." *C.N. by and through Bessman-Natt v. Riverside Cnty. Dep't of Pub. Soc. Servs.*, No. 5:25-cv-01763-AH-JDE, 2025 WL 2690446, at *1 (C.D. Cal. Aug. 22, 2025); *see also* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254).

This Court's habeas jurisdiction under section 2241 is generally limited to petitions filed by a "prisoner" who: (1) "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof"; (2) "is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States"; (3) "is in custody in violation of the Constitution or laws or treaties of the United States"; (4) "being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations"; or (5) it is necessary to bring into court to testify for trial. See 28 U.S.C. § 2241(c); *see also Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923 (1989) (the Supreme Court has interpreted "in custody" to mean in custody pursuant to a conviction or sentence under attack at the time the petition is filed).

### DISCUSSION

Here, as stated above, Petitioner is not incarcerated or challenging any criminal conviction or sentence but instead "seeks a Writ of Habeas Corpus ordering the immediate release of [Petitioner's] three-year-old daughter . . . from unlawful restraint in the father's custody." (*Id.* at 2.) However, the United States Supreme Court has specifically held that such a case does not invoke federal habeas corpus jurisdiction. *See Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502 (1982). More specifically, "[c]hildren who are removed from a parent's custody as a result of state court dependency proceedings are not 'in custody' for purposes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   8:25-cv-02003-MEMF-KS | Date: October 30, 2025 |
| Title   *Janis Ochoa v. Amir Wahab et al.* | |

habeas jurisdiction." *C.N. by and through Bessman-Natt*, 2025 WL 2690446, at *1 (citation omitted); *Maleng*, 490 U.S. at 490-91.

As the High Court explained in *Lehman*, "federal habeas has never been available to challenge parental rights or child custody," and "[e]xtended uncertainty would be inevitable in many cases if federal courts had jurisdiction to relitigate state custody decisions." *Lehman*, 458 U.S. at 511, 514 (footnote omitted).

Therefore, in the interests of justice, because it appears that the Court lacks subject matter jurisdiction, **IT IS HEREBY ORDERED that Petitioner shall show cause, no later than December 1, 2025, why this action should not be dismissed. To discharge this Order and proceed with this case, Petitioner must file a response on or before the December 1, 2025 deadline showing that this Court has subject matter jurisdiction over the pending federal habeas petition despite the authority cited above.**

<u>Alternatively</u>, if Petitioner concludes that the Court's preliminary analysis above is correct, Petitioner may discharge this Order and dismiss this case without prejudice by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Petitioner's failure to timely comply with this Order will result in a recommendation that this case be dismissed.

**IT IS SO ORDERED**.

| | : |
|---|---|
| **Initials of Preparer** | gr |